THE PEOPLE OF THE TERRITORY OF GUAM

**v.**

JAMES S. WHITE, Defendant

Criminal No. 19F-74

**THE PEOPLE OF THE TERRITORY OF GUAM, Plaintiff**

**v.**

ANTHONY QUINATA MUNA, Defendant

Criminal No. 1F-75

Superior Court of Guam

January 30, 1975

ABBATE, *Judge*

DECISION

An objection and statement was filed in the above-entitled criminal cases disqualifying me as the trial judge, pursuant to Section 170 of the Code of Civil Procedure. The

reason stated is based on bias and prejudice. Attached to the statement is an indictment wherein my son Gregory Valer Abbate was the murder victim.

I wish to state that subsequent to the death of my son, I have tried criminal cases and on one occasion acted as trial judge in a murder case—*People v. Pador*. The record is clear that there was no demonstration of any bias or prejudice.

Counsel's statement regarding probable bias and prejudice is untenable. As a trial judge for the last six (6) years I can state, without any mental reservation, that as to this defendant and as to the crime of murder in the first degree, or any criminal case, that no bias and prejudice exists. "Bias and prejudice does not refer to any views a judge may entertain towards the subject matter involved in a case." 46 Am.Jur.2d, Judges § 168. Both of these terms —bias and prejudice—are a mental attitude towards a party in the action and *not* to any views that a judge may entertain regarding the subject matter. See *Crawford v. Ferguson*, 115 Pac. 278.

In view of the foregoing, I do not feel disqualified to sit or act as trial judge in *People v. White* and *People v. Muna*.